FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN - 7 2013

CENTRAL DISTRICT OF CALIFORNIA
BY S'my                    DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARMANDO ABUNDIS,<br>　　　　Petitioner,<br>　　v.<br>AREF FAKHOURY,<br>　　　　Respondent. | Case No. CV 12-00450 ODW (AN)<br><br>ORDER ACCEPTING THE FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the file, including the Magistrate Judge's Report and Recommendation ("R&R") and Petitioner's Objections [27]. Further, the Court has completed a *de novo* review of those portions of the R&R to which Petitioner has objected. The Court makes the following specific findings:

　　1.　　The Objections merely reiterate arguments made in the Second Amended Petition, and which were correctly rejected for the reasons discussed in the R&R. Additionally, to the extent Petitioner has used his Objections to continue his efforts to re-try his case by highlighting <u>alleged</u> inconsistencies in the evidence and attempting to contradict inferences the jury drew from it (including his challenges to Frances's credibility) the Court reiterates the finding in the R&R that a reviewing court "faced with a record of historical facts that supports conflicting inferences must presume --

even if it does not affirmatively appear in the record -- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson v. Virginia*, 443 U.S. 307, 326, 99 S. Ct. 2781 (1979).

2. The Objections misrepresent both the record and the R&R in three key respects that compel a further response from the Court. First, while Petitioner accuses the Magistrate Judge of giving "his own interpretation" of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), he refers to a portion of the R&R which was, in fact, quoting *the Supreme Court's* interpretation of AEDPA. (Objections at 3; R&R at 4.)

Second, Petitioner falsely attributes several conclusions made by the state court of appeal to the Magistrate Judge, most notably that "Abundis is correct that standing alone, the first two alleged premises are not sufficient to establish his guilt." (Objections at 10-11; R&R at 18.) The Magistrate Judge made no such finding, appropriately so, since this Court is not concerned with whether a portion of the evidence would have been constitutionally sufficient. *See McDaniel v. Brown*, 558 U.S. 120, 130 S. Ct. 665, 674 (2010) (under *Jackson*, a court must review *all* the evidence in the light most favorable to the prosecution). Instead, the Magistrate Judge correctly concluded that *all* of the evidence was "by far sufficient" for any rational trier of fact to find it was Petitioner who inflicted the fatal injuries. (R&R at 23.)

Third, Petitioner misquotes the trial testimony in an attempt to make it appear that the prosecution's medical experts opined that a child could have inflicted the victim's fatal injuries. (Objections at 8.) On the contrary, Petitioner refers to the testimony of Deputy Medical Examiner David Whiteman, who in fact concluded that the victim's injuries were the result of numerous blows inflicted by an adult with a "punch-like force." (RT at 2761-69.) In the portion of Whiteman's testimony Petitioner has misquoted, Whiteman was being asked whether a ten-year-old child could have inflicted the same injuries, and Whiteman responded, "It depends how big the ten-year-old is" because Whiteman had "seen ten-year-olds your size [referring to counsel]."

Whiteman then stated that "a preadolescent with large muscles would be able to do it." Most significantly, Whiteman then very clearly and specifically testified that it was his opinion the blows to *this victim* in *this case* were delivered by an adult. (RT at 2763.)

Based upon the foregoing, and the Court's *de novo* review of the portions of the R&R to which Petitioner has objected, IT IS ORDERED that:

1. The Objections are overruled and the Court accepts the findings and recommendation of the R&R.

2. Judgment shall be entered denying the Second Amended Petition and dismissing this action with prejudice.

3. All motions are denied as moot and terminated.

IT IS FURTHER ORDERED that the clerk of the Court shall serve a copy of this Order and the Judgment on all counsel or parties of record.

Dated: January 4, 2013

OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE